IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DARRYL LIVERMAN, | : | CIVIL ACTIONS |
| --- | --- | --- |
| Plaintiff, | : | NO. 10-1161 |
| | : | NO. 10-2049 |
| v. | : | NO. 10-2500 |
| | : | NO. 10-2558 |
| HARRIS GUBERNIK, et al., | : | |
| Defendants. | : | |

## OPINION

Slomsky, J.                                                                                          October 15, 2010

## I.     INTRODUCTION

Before the Court is Plaintiff Darryl Liverman's Motion to Amend/Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e). In his Motion, Plaintiff asserts that because he is a *pro se* Plaintiff "the Supreme Court allows [him] more leadway [sic] than a licensed attorney." (Pl.'s Motion to Alter/Amend ¶ 2.) The majority of Plaintiff's Motion simply asserts Plaintiff's apparent dissatisfaction with the Court and the Opinion dated September 21, 2010.[1]

---

[1] In paragraph 3 of Plaintiff's Memorandum of Law in Support of his Motion, Plaintiff states his belief that Judge Caldwell, who presided over Plaintiff's prior cases numbered 03-2198, 04-995, and 04-1689, mislead him "to believe he would be wasting the Court of Appeals [sic] time, if he appealed."

   In paragraphs 4 through 7, Plaintiff notes his dissatisfaction with the Court and the Opinion. "Judge Slomsky stated in open court on 8.6.10, that I could appeal his decision but, does not make any reference to it in his Opinion dated 9.21.10." (Pl.'s Motion to Alter/Amend ¶ 4.) "Judge Slomsky is also passively-aggressively [sic] discourage me from taking further by stating I have to send numerous copies of documents (which most are on file) to take further action. I stated in court on 8.11.10 that I am indigent and can not afford all the copying." (Id. ¶ 5.) "Judge Slomsky stated in court on 8.11.10 that he would declare me indigent and send me copies of docket sheets for all cases. He has not." (Id. ¶ 6.) "I further requested in writing that Judge Slomsky send me copies of the court transcript of 8.11.10 under the indigency clause and he has not." (Id. ¶ 7.)

1

The remainder asserts the Court made an "error[] of law" when it considered Defendant Harris Gubernick's and Defendant Charles Martin's Motions in Opposition to Plaintiff's Applications to Proceed *in Forma Pauperis*. Plaintiff asserts: "All of the Defendants did not oppose Plaintiff proceeding *in forma-pauperis* status. Three strikes law is not jurisdictional and that unless the Defendant raises the issue, the inmate may proceed even if she or he has three strikes." (Id. at 8.)

For the following reasons, the Court will deny Plaintiff's Motion to Alter/Amend Judgment.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 59(e) and E.D. Pa. Local Civil Rule 7.1(g), a party may move to alter or amend a judgment no later than ten days after the entry of judgment. "[B]ecause courts have a strong interest in the finality of judgments," a court should grant a motion to alter or amend judgment sparingly. Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002). "A motion to alter or amend a judgment under Rule 59(e) 'must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice.'" Berger v. Zeghibe, No. 08-5861, 2010 WL 3928621, at *2 (E.D. Pa. Oct. 6, 2010) (quoting N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995)).

Mere dissatisfaction with a court's ruling is not a proper basis for reconsideration.[2] "A

---

[2] "A motion for reconsideration is treated as the 'functional equivalent' of a motion pursuant to Rule 59(e) which seeks to alter or amend a judgment." 3039 B Street Associates, Inc. v. Lexington Ins. Co., No. 09-1079, 2010 WL 3431609, at *1 (E.D. Pa. Aug. 27, 2010) (quoting Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir.1986) (internal citation omitted)). The Court will use the phrases "motion to alter or amend judgment" and "motion for reconsideration" interchangeably throughout its Opinion.

2

motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, No. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 19, 2001) (quoting Waye v. First Citizens's Nat'l Bank, 846 F. Supp. 310, 314 n. 3 (M.D. Pa. 1994), *aff'd* 31 F.3d 1175 (3d Cir. 1994)). See also Cole v. Warden of Allenwood, No. 05-1342, 2010 WL 3805636, at *1 (M.D. Pa. June 16, 2010) (quoting Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). Furthermore, "[a] motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have been fully examined by the court." Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc. 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002).

**III. DISCUSSION**

Although unclear, it appears Plaintiff relies on the third ground ("the need to correct clear error of law or prevent manifest injustice") as the basis for his Motion to Alter/Amend Judgment. The Court reaches this conclusion for three reasons. First, Plaintiff makes no mention of an intervening change in controlling law or fact. Second, Plaintiff's Motion does not present any additional evidence. And third, all but one of Plaintiff's arguments raised in his Motion represent apparent dissatisfaction with the Court's ruling. See, e.g., (Pl.'s Motion to Alter/Amend ¶ 4.) ("Judge Slomsky stated in open court on 8.6.10, that I could appeal his decision but, does not make any reference to it in his opinion dated 9.21.10.").

The one argument Plaintiff makes that may be read as relying on one of the three permissible grounds for a motion for reconsideration is contained in paragraph 8 of his

Memorandum of Law in Support of his Motion. Plaintiff asserts: "All of the Defendants did not oppose Plaintiff proceeding *in forma-pauperis* status. Three strikes law is not jurisdictional and that unless the Defendant raises the issue, the inmate may proceed even if she or he has three strikes." (Id. ¶ 8.) The Court reads Plaintiff's argument as challenging the legal conclusions contained in the Court's Opinion.

However, in making this argument, Plaintiff asks the Court to re-examine an issue already fully examined by the Court in the Opinion dated September 21, 2010. This is not a proper ground for a motion for reconsideration. See Blue Mountain, Inc. 246 F. Supp. 2d at 398 ("A motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have been fully examined by the court."); Abu-Jamal, 2001 WL 1609761 at *9 ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.").

In addition, Defendant Harris Gubernick filed a Motion in Opposition to Plaintiff's Application to Proceed *in Forma Pauperis* based on 28 U.S.C. § 1915(g) in Civil Actions 10-1161, 10-2049, and 10-2500 and Defendant Charles Martin filed a Motion in Opposition in Civil Action 10-2558. (Civ. A. No. 10-1161, Doc. No. 8; Civil A. No. 10-2049, Doc. No. 5; Civ. A. No. 10-2500, Doc. No. 5; Civ. A. No. 10-2558, Doc. No. 7.) Therefore, at least one Defendant in each case did raise the issue and Plaintiff's claim to the contrary is without merit.

Finally, Plaintiff contends that, unless all Defendants challenge his *in forma pauperis* status based on 28 U.S.C. § 1915(g), he may proceed *in forma pauperis* even if he has three

4

strikes. This is simply an incorrect statement of the law. Courts consider a defendant's motion regardless of whether all defendants support the motion. Therefore, although each of the numerous Defendants named by Plaintiff as a defendant in his Complaints did not file a motion in opposition to his Application to Proceed *in Forma Pauperis*, this does not prevent the Court from considering the Motion of other Defendants.

## III. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion to Alter/Amend Judgment (Civ. A. No. 10-1161, Doc. No. 20).

An appropriate Order follows.